IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 1:10-cv-02293 AWI JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION AND CONTINUING SCHEDULING CONFERENCE |
| v. | |
| BRITTNEY NICOLE AGUIRRE and CHRISTOPHER PAPION, individually and d/b/a PAPPY'S DOWN SOUTH BBQ, | (Doc. 5) |
| Defendants. | |

This matter was initiated on December 9, 2010 by Plaintiff Joe Hand Promotions (Doc. 1), and a summons was issued to Brittney Nicole Aguirre and Christopher Papion on December 9, 2010. (Doc. 3).  On March 16, 2011, Plaintiff filed its ex parte application for an order continuing the scheduling conference, because "Plaintiff has not yet perfected service of the initiating suit papers." (Doc. 5 at 1).

On December 9, 2010, the Court issued its "Order Settling Mandatory Scheduling Conference," which set forth the obligations related to the Scheduling Conference.  (Doc. 4). Further, the order informed Plaintiff, "The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint.  Accordingly**, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against**

1

**whom plaintiff(s) will not pursue claims**." (Doc. 4 at 1) (emphasis added).  Furthermore, the Order warns failure to comply may result in dismissal of the action:

> **SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

*Id* at 8.

Because the defendants have not yet been served, the Court is unable to conduct a scheduling conference.  Moreover, according to Fed. R. Civ. P. Rule 4(m), Plaintiff is reminded of its obligation to serve the summons within 120 days or the Court may, after notice to Plaintiff, dismiss the action unless good cause for the failure is shown.

Based upon the foregoing, there is good cause to continue the Scheduling Conference in this matter.  Accordingly, it is **HEREBY ORDERED**:

1. Plaintiff's ex parte application for continuing the scheduling order is **GRANTED**;
2. The Scheduling Conference set for March 24, 2011, at 9:00 am is **VACATED** and **RESET** for April 28, 2011, at 9:30 am.

IT IS SO ORDERED.

Dated:   **March 21, 2011**                                            **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE