IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 1:10-cv-02293 AWI JLT |
| Plaintiff, | ORDER DENYING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME |
| v. | (Doc. 15) |
| BRITTNEY NICOLE AGUIRRE and CHRISTOPHER PAPION, individually and d/b/a PAPPY'S DOWN SOUTH BBQ, | |
| Defendants. | |

Defendant Brittney Nicole Aguirre-Papion seeks an extension of time "to 'reply' to [Plaintiff's] accusations," which she filed on June 13, 2011. (Doc. 15). For the following reasons, the request is **DENIED**.

On December 9, 2010, Plaintiff filed its complaint against Brittney Nicole Aguirre and Christopher Papion, individually and doing business as Pappy's Down South BBQ ("Defendants"), alleging violations of 47 U.S.C. § 605, *et seq.*; 47 U.S.C. § 533, *et seq.*; and the California Business and Professions Code § 17200, *et seq*. (Doc. 1 at 3-8). In addition, Plaintiff alleges Defendants are liable for wrongful conversion of property, arising under California State law. *Id.* at 6-7. Plaintiff alleges it possessed the exclusive rights to the nationwide commercial distribution of the program entitled "Ultimate Fighting Championship 107: BJ Penn v. Diego Sanchez," televised on December 12, 2009, and alleges that Defendants improperly displayed this televised event at their restaurant

without Plaintiff's permission. *Id.* at 3.

Plaintiff filed proofs of service indicating Defendants were each served with the summons and complaint on March 10, 2011. (Docs. 7-8). Plaintiffs contend that they have not received proper service because the summons and complaint were left with a waitress at their restaurant.[1] (Doc. 15) Defendants fail to explain why they believe that this service was improper or ineffective. Despite the service documents being left at their restaurant, Defendants failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure, and upon application of Plaintiff, and pursuant to Fed.R.Civ.P. 55(a), default was entered against Defendants on April 14, 2011. (Doc. 10).

The Federal Rules of Civil Procedure govern the timing of pleadings to be filed by parties in an action before the Court. In general, a defendant must service an answer "within 21 days after being served with the summons and complaint." Fed.R.Civ.P. 12(a)(1)(A). Therefore, Defendants' answer to the complaint was due on March 31, 2011. Here, Defendants seek permission to file an untimely pleading responsive to the complaint. However, the Clerk has entered default against Defendants, and the "entry of default cuts off Defendants' rights to appear in the action, file counterclaims, or to present a defense." *Great. Am. Ins. Co. v. M.J. Menefee Constr., Inc.*, 2006 U.S. Dist. LEXIS 64902, at *6 (E.D. Cal. Aug. 29, 2006), citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927). Consequently, "a party in default is generally precluded from participating in the case until the entry of default has been set aside." *Joe Hand Productions v. Estrada*, 2011 U.S. Dist. LEXIS 35073, at *2, n.1 (E.D. Cal. Mar. 31, 2011).

Currently, the Court has under submission Plaintiff's motion for default judgment. Thus, any action taken by Defendants at this time may be directed only toward addressing the entry of default.

///
///
///
///

---

[1] Plaintiff's proofs of service indicate that service was accomplished through substitute service. (Docs. 7, 8)

2

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' request for an extension of time to file a pleading responsive to the complaint is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 16, 2011**                                         **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE